# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDY D. GLENN, SR.,

          Plaintiff,

     -vs-                                    Case No.   13-CV-955

UNITED STATES,

          Defendant.

## SCREENING ORDER

Plaintiff Randy Glenn, an inmate in the United States Penitentiary in Marion, Illinois, brings this action pursuant to Federal Rule of Criminal Procedure 41(g) seeking the return of $2,800.00 in cash that was seized from him following his February 2012 arrest in Milwaukee, Wisconsin.[1] This matter is before the court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and consideration of the plaintiff's petition for leave to proceed *in forma pauperis*. The plaintiff has paid an initial partial filing fee of $46.00. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief

---

[1] The complaint, titled motion for return of property and brought pursuant to Federal Rule of Criminal Procedure 41(g), was initially filed in the plaintiff's criminal case, *United States v. Glenn*, Case Number 12-cr-3-JPS (E.D. Wis.). However, when such motions are filed by a defendant who has been convicted, the action should proceed as a civil matter, *see United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). An action for the return of property filed by a prisoner is subject to the Prison Litigation Reform Act. *United States v. Shaaban*, 602 F.3d 877, 878-79 (7th Cir. 2010). Accordingly, United States District Judge J.P. Stadtmueller ordered that the motion for return of property be filed as a civil action.

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action

2

will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

According to the complaint, the plaintiff was arrested in February 2012 after he was stopped for having expired license plate tags. A background check indicated a warrant for a 2007 charge of possession with intent to distribute cocaine. A search of the plaintiff produced a small amount of marijuana and the $2,800.00, which were confiscated. The plaintiff was issued a receipt for the cash, but the money has not been returned. On October 18, 2012, United States District Judge J.P. Stadtmueller sentenced the plaintiff to 120 months imprisonment based on the charges from the 2007 warrant. *United States v.*

3

*Glenn*, Case Number 12-cv-3 (E.D. Wis.). The $2,800.00 seized from the arrest was not part of the federal criminal charges.

Federal Rule of Criminal Procedure 41(g) provides that a motion may be filed seeking the return of property seized by the government:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). At this stage of the proceedings, the plaintiff's motion for return of property is sufficient to state a claim for the return of his property. In addition, the plaintiff's *in forma pauperis* petition and trust account statement reveal that he has insufficient funds to pay the full filing fee and he may therefore proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for return of property seized (Docket #2) is **terminated and refiled as Complaint**. The docket sheet shall reflect that the Complaint was filed on August 23, 2013.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal serve the defendant pursuant to Federal Rule of Civil Procedure 4(i).

**IT IS FURTHER ORDERED** that the Director of the Federal Bureau of

Prisons or his designee collect from the plaintiff's prison trust account the $304.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required to serve upon the United States Attorney for the Eastern District of Wisconsin a copy of every pleading or other document submitted for consideration by this Court. The plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the

document was mailed to the United States Attorney. Any paper received by the Court which has not been filed with the Clerk of which fails to include a certificate of service may be disregarded by the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**