# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDY D. GLENN, SR.,

        Plaintiff,

-vs-                              Case No. 13-CV-955

UNITED STATES OF AMERICA,

        Defendant.

# DECISION AND ORDER

The plaintiff, Randy D. Glenn, Sr. ("Glenn"), seeks return of currency seized from him during a February 2012 arrest pursuant to Federal Rule of Criminal Procedure 41(g). The defendant, the United States, has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Glenn did not file a response to the motion.

## BACKGROUND

On October 18, 2012, United States District Judge J. P. Stadtmueller sentenced Glenn to 120 months imprisonment after Glenn pleaded guilty to possessing with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v. Randy D. Glenn*, 12-CR-3-JPS (E.D. Wis.), R. 32. In his criminal case, Glenn moved for return of the seized currency at issue in this case on June 17, 2013. *Id.*, R. 34. Judge Stadtmueller ordered that Glenn's motion for return of property be returned

to the Clerk of Court and filed as a civil case. *Id.*, R. 38. On August 23, 2013, the civil case was assigned to this Court.

## FACTS

### A. Seizure of $2,860 in currency

On February 12, 2012, Milwaukee Police Department officers conducted a traffic stop on a 1998 Plymouth Voyager in the 2100 block of West Locust Street in Milwaukee, Wisconsin. Glenn was the driver of the vehicle. A computer check revealed that Glenn was wanted on a federal arrest warrant dated January 4, 2012, for possession with intent to distribute 28 grams or more of cocaine base. A search subsequent to his arrest revealed .04 grams of marijuana and $2,860. (Affidavit of Theresa Kneser ¶ 2.)

### B. Administrative Forfeiture of the $2,860

On March 9, 2012, DEA commenced an administrative forfeiture proceeding against the $2,860. On March 28, 2012, DEA sent notice of the seizure and administrative forfeiture proceeding to "Randy Damon Glenn" at his residence, 3XXX North 2nd Street, Milwaukee, Wisconsin, by first-class mail, return receipt requested. The notice, which was successfully delivered and signed for by someone appearing to use the last name "Glenn," advised Glenn that his deadline for filing a claim in the administrative forfeiture proceeding was March 28, 2012. (Declaration of Vicki L. Rashid ¶ 4(b), Exh. 1.) On April 9, 16, and 23, 2012, DEA also published notice of the seizure and administrative forfeiture proceeding against he $2,860 in *The Wall Street Journal*. That notice stated that the deadline to file a

2

claim was May 2, 2012, if notice by mail had not been received. (Rashid Decl. ¶ 49(c).)

Glenn did not file a claim in the administrative forfeiture proceeding. On June 19, 2012, DEA declared the $2,860 administratively forfeited. (Rashid Decl. ¶ 4(d).)

## C. Federal Criminal Case Against Glenn

On January 4, 2012, Glenn was charged by indictment in *United States v. Randy D. Glenn*, 12-CR-3 (E.D. Wis.), with possession with intent to distribute a controlled substance on June 22, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *United States v. Randy D. Glenn*, 12-CR-3-JPS (E.D. Wis.), R. 1. The $2,860 was not listed in a forfeiture provision of the indictment. Glenn pleaded guilty to the charge on June 19, 2012. *Id.*, R. 19. On October 18, 2012, he was sentenced to 120 months imprisonment and 4 years of supervised release. *Id.*, R. 32.

Glenn filed a motion for return of the $2,860 in his criminal case on June 17, 2013.

## DISCUSSION

The United States contends that the Court lacks jurisdiction over Glenn's complaint and motion for return of property because the DEA commenced and completed an administrative forfeiture proceeding against the $2,860 in seized currency at issue.

The $2,860 was administratively forfeited on June 19, 2012. A Rule 41(g) motion is not the appropriate mechanism to recover property lost to administrative forfeiture. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *United States v. Howell*, 354

3

F.3d 693, 695-96 (7th Cir. 2004). Thus, Glenn's only remedy at this stage is to challenge the administrative forfeiture for lack of notice via 18 U.S.C. § 983(e). *Sims*, 376 F.3d at 708.

As indicated, Glenn did not file a response to the United States' motion. In the complaint, he alleges that the City of Milwaukee has not provided him a notice of forfeiture. He further alleges that the property seized is not contraband subject to seizure. Thus, as Glenn does not seek to challenge a forfeiture, construing his Rule 41(g) claim as a civil complaint alleging a due process violation under § 983(e) is not proper.[1] *See United States v. Stevens*, 500 F.3d 625, 628 n.3 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (Docket # 13) is **granted**.

**IT FURTHER ORDERED** that this action is **dismissed**.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2014.

                                                      **SO ORDERED,**

                                                      **HON. RUDOLPH T. RANDA**
                                                    **U. S. District Judge**

---

[1] The Court notes that The United States asserts that such a § 983(e) challenge to the adequacy of the notice that DEA provided would "appear to be ill-founded" and that it "strongly appears that Glenn had actual notice of the seizure and, further, that DEA provided constitutionally adequate notice of its commencement of administrative forfeiture proceedings against the seized currency." (Defs.' Br. at 6.)

4