# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDY D. GLENN, SR.,**

      Plaintiff,

   -vs-                                                          **Case No. 13-CV-955**

**UNITED STATES OF AMERICA,**

      Defendant.

## DECISION AND ORDER

The plaintiff has filed a motion for reimbursement of costs in which he seeks reimbursement of the $350 filing fee that he paid for this action. The plaintiff contends that he is entitled to his costs, $350, under 28 U.S.C.§ 2412(a)(1) because he was the prevailing party in this lawsuit.[1] The defendants oppose the motion, contending that the plaintiff was not a "prevailing party" under § 2412.

The plaintiff filed this action pursuant to Federal Rule of Civil Procedure 41(g) seeking the return of $2,860 in currency seized from him during a February 2012 arrest. On March 31, 2014, the Court granted the defendant's motion to dismiss this case for lack of subject matter

---

[1] Although the plaintiff was granted leave to proceed *in forma pauperis* in this case, he was required to pay the filing fee pursuant to the formula set forth in the *in forma pauperis* statute. See 28 U.S.C. § 1915(b). The plaintiff has paid the filing fee in full. (ECF No. 23.)

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff then filed a motion to set aside the forfeiture and vacate the dismissal order under 18 U.S.C. § 983(e). The defendant subsequently filed a letter stating that the Drug Enforcement Administration and the United States Marshals Service caused the $2,860 in currency that was seized from the plaintiff on February 12, 2012, to be returned to him via a payment made on January 28, 2015. Accordingly, the Court denied as moot the plaintiff's motion to set aside forfeiture and vacate dismissal order.

Section 2412(a)(1) of the Equal Access to Justice Act provides that costs may be awarded to a "prevailing party" in a civil action brought by or against the United States:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1). The plaintiff is not a "prevailing party" under § 2412 because he did not prevail on the merits on any issue in this case. *See Jeroski v. Fed. Mine Safety and Health Review Comm'n*, 697 F.3d 651,

653-55 (7th Cir. 2012); *see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for costs (ECF No. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2016.

          **BY THE COURT:**

          s/ Charles N. Clevert, Jr.
          for **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**